**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

EDSON CARLOS REYES LUCIO

VERSUS

WINN CORRECTIONAL CENTER,
ET AL.

CIVIL ACTION NO. 26-1864

JUDGE S. MAURICE HICKS, JR.

MAGISTRATE JUDGE PEREZ-MONTES

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order (Record Document 2) filed by the habeas petitioner in this case, Edson Carlos Reyes Lucio ("Petitioner").

Petitioner entered the United States in 2011 and was subsequently placed in immigration proceedings. See Record Document 1-2 at 2. Petitioner alleges that he was released on an immigration bond and remained subject to DHS supervision thereafter. See Record Document 1-3 at 36. He further alleges that an Immigration Judge administratively closed his removal proceedings in 2015, and he continued complying with ICE reporting requirements, maintained employment authorization issued by DHS, and appeared for scheduled appointments for several years without incident. See id. Petitioner contends that, despite this history of compliance, he was detained by ICE during a scheduled check-in appointment on April 16, 2026, and has remained detained since that time. See id.

On June 3, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his continued immigration detention. See Record Document 1. Petitioner argues that his detention violates due

process because he has not received a meaningful individualized custody determination and presents neither a flight risk nor a danger to the community. See id. Simultaneously, Petitioner filed the present Emergency Motion for Temporary Restraining Order (Record Document 2) seeking to prohibit Respondents from transferring or removing him during the pendency of these proceedings.

Petitioner's request in the instant Motion is one for injunctive relief.  An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017).  Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

2

Petitioner seeks a stay of removal while his Habeas petition remains pending. However, even if framed as seeking to preserve the status quo, a request for stay of removal is a challenge to a removal order.  See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order).  The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted).  Thus, this Court is without jurisdiction to grant Petitioner's request for stay of removal.  See id., citing Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

As for Petitioner's request that the government be prohibited from transferring him, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner has failed to show a likelihood that he will be transferred to another facility, and the Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Accordingly,

3

Petitioner's Emergency Motion for Temporary Restraining Order (Record Document 2) is hereby **DENIED**.

**IT IS SO ORDERED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of June, 2026.

_____

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

4